UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01147-SEB-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Petitioner Christopher Davis for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

After a trial, a jury found Mr. Davis guilty of three courts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); three counts of using, carrying, or brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a). *United States v. Davis*, No. 1:15-cr-00184-SEB-MJG-004, dkt. 397 (S.D. Ind. July 25, 2018) ("Cr. Dkt."). He was sentenced to 57 years and one day in prison, representing concurrent one-day sentences for the robbery counts, a consecutive 84-month sentence for the first firearms charge, and consecutive 300-month sentences for each of the other two firearms charges. *Id.* Represented by counsel, Mr. Davis appealed his convictions for two of the robbery counts and one of the firearm counts, arguing that there was insufficient evidence to support his convictions. *United States v. Davis*, 953 F.3d 480, 484–86 (7th Cir. 2020). The Seventh Circuit affirmed the judgment of this Court. *Id.*

Mr. Davis then filed the instant § 2255 motion. Dkt. 1. The United States filed a response, dkt. 15, but Mr. Davis did not file a reply.

## III. Discussion

Mr. Davis raises three arguments, which the Court restates as follows: (1) law enforcement violated his Fourth Amendment rights by placing a GPS tracker on his vehicle without probable cause, illegally stopping, searching, and seizing his vehicle, and illegally searching his residence; (2) his Fifth Amendment rights were violated because he was denied the ability to call witnesses

at trial and was never taken to an "Evidence Hearing"; and (3) his sentence violates the Eighth Amendment. Dkt. 1.[1]

"Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or actual innocence." *Conley v. United States*, 5 F.4th 781, 799 (7th Cir. 2021) (cleaned up). Mr. Davis did not raise his constitutional challenges on appeal, and the United States argues that he has not shown cause for excusing the default.

Because Mr. Davis did not raise any of the arguments set forth in his § 2255 motion on appeal, they are procedurally defaulted unless he can show either (1) actual innocence or (2) cause and prejudice. *Delatorre*, 847 F.3d at 843 (7th Cir. 2017). Mr. Davis makes no argument for actual innocence, thus only the cause-and-prejudice standard is considered.

When asked why he did not raise the issues addressed in his § 2255 motion on appeal, he stated that this Court "denied the motion" and "denied the issue." Dkt. 1 at 6, 8. But an adverse ruling by the trial court does not represent cause for failing to appeal an issue.

Mr. Davis also explained that he did not raise these issues on appeal because: "My lawyer didn't add it which I asked him to." *Id.* at 5. The Court will construe Mr. Davis's pro se motion

---

[1] Mr. Davis also appears to complain that a false criminal history is being used against him by the Bureau of Prisons ("BOP"), resulting in him being given a "High Custody Level." Dkt. 1 at 6. That issue is, however, not directed to the validity of his conviction or sentence and cannot be addressed in a § 2255 motion. If Mr. Davis believes that the BOP is executing his sentence improperly, his remedy is to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in his district of incarceration.
  In addition, Mr. Davis appears to complain that the false criminal history was used against him at his detention hearing, but the Magistrate Judge specifically noted that he denied some of the items in his criminal history and that resolution of the issue was not necessary to her detention decision. Cr. Dkt. 30.

liberally to interpret this as an argument that his appellate counsel was ineffective for failing to raise these issues on appeal. Claims of ineffective assistance of counsel are "cause" for procedural default and may be raised for the first time on collateral review. *Delatorre v. United States*, 847 F.3d 837, 844-45 (7th Cir. 2017) (citing *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014)). Thus, Mr. Davis's ineffective assistance of appellate counsel claims are considered on the merits. *Delatorre,* 847 F.3d at 845.

To show that an attorney's performance was deficient, the petitioner must, in turn, show (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

Attorneys have wide discretion to choose issues for appeal. The Seventh Circuit has provided a framework for analyzing a claim that appellate counsel erred in failing to raise a particular issue:

> To evaluate [the petitioner's] claim, we must first analyze the trial court record to determine whether his appellate attorney, in fact, ignored significant and obvious issues. We must then compare each neglected issue to, in this case, the issues actually raised on appeal.
>
> Only if an ignored issue is "clearly stronger" than the arguments raised on appeal will the attorney's performance be considered constitutionally deficient (thereby satisfying the first prong of the *Strickland* test). To establish prejudice—the other component of the Strickland test—[the petitioner] must show that there is a reasonably probability that, but for the deficient performance of his attorney, the result of his appeal would have been different.

*Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008) (quoting *Strickland*, 466 U.S. at 694).

On appeal, Mr. Davis's counsel argued that insufficient evidence supported his convictions for three of the crimes with which he was charged. *Davis*, 953 F.3d at 484. As to one robbery

4

conviction, he argued that the evidence at trial failed to link him to the robbery at issue. *Id.* As another of the robbery convictions, he argued that there was no evidence that actual or threatened force was used. *Id.* at 485. Because that firearm offense served as the predicate offense for one of the firearm charges, he also challenged his conviction for that firearm charge. *Id.*

For the reasons explained below, Mr. Davis has not shown that his challenges to his conviction and sentence based on alleged violations of the Fourth, Fifth, and Eighth Amendment rights are "clearly stronger" than the arguments his lawyer raised or that he was prejudiced by any deficient performance. *Cf. Shaw v. Wilson*, 721 F.3d 908, 915 (7th Cir. 2013) (applying ineffective-assistance-of-counsel standard to appellate counsel).

### A. Fourth Amendment

Mr. Davis contends that his Fourth Amendment rights were violated because law enforcement placed a GPS tracking device on his vehicle without probable cause, illegally stopped him and searched and seized his vehicle, and illegally searched his residence, all based on warrants that were obtained via false statements that he had a long criminal history. Dkt. 1 at 5, 6.

Mr. Davis does not explain why appellate counsel's failure to raise the Fourth Amendment arguments on appeal fell outside the wide range of professional competence, why his Fourth Amendment arguments are stronger than the arguments counsel made on appeal, or how raising such arguments would have changed the outcome in this case. The Court is not required to construct legal arguments for Mr. Davis. *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018).

Therefore, this ground for relief fails.

    **B.**    **Fifth Amendment**

Mr. Davis also argues that his Fifth Amendment rights were violated because he was denied the ability to call witnesses at trial and was never taken to an "Evidence Hearing," but was instead indicted based on false testimony from detectives, including testimony that he had a long criminal history. Dkt. 1 at 5, 6. As with the Fourth Amendment arguments, Mr. Davis has not shown that his counsel was ineffective for failing to raise them on appeal. He makes no argument as to why counsel's failure to argue these points on appeal was deficient or how the result in this case might have been different if counsel had raised the points. Notably, he fails to specify the nature of the evidentiary hearing which he claims to have been denied or how the missing witness's testimony might have led to a different result in this case. Again, the Court is not obligated to construct arguments for Mr. Davis. *Riley*, 909 F.3d at 190.

This ground of relief fails.

    **C.**    **Eighth Amendment**

Finally, Mr. Davis argues that his sentence violates his Eighth Amendment rights. Dkt.1 at 5, 7. The entirety of his argument on this point is: "The sentence of my case is a violation of my eighth Amendment right 'cruel & unusual punishment' because I never had a record of violence." *Id.* This argument is so undeveloped as to be waived. *M.G. Skinner & Associates Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). And, even if it were not waived, as with his other arguments, Mr. Davis has not shown that his appellate counsel was deficient in failing to raise the argument or that there is a reasonable probability that the result in this case would have been different if appellate counsel had made the argument. On this point, the Court observes that Mr. Davis's trial counsel argued that the mandatory minimum sentences for convictions under § 924(c)(1) violated the Eighth Amendment because they were grossly

disproportional to the crimes committed in this case, and Mr. Davis has not explained how the Court's analysis of that issue was incorrect, let alone why his Eighth Amendment argument is stronger than the arguments that his counsel pursued on appeal. *See* Cr. Dkt. 410 at 29–30, 38.

This ground for relief fails.[2]

## IV. Conclusion

For the reasons explained in this Order, Mr. Davis is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:15-cr-00184-SEB-MJD-4.** The motion to vacate (Crim. Dkt. 453) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Davis has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional

---

[2] Even construing the motion liberally, Mr. Davis makes no suggestion that the attorneys that represented him up to and including the trial were ineffective. To the extent that he meant to include claims that those attorneys were ineffective, they are so undeveloped as to be waived. *M.G. Skinner & Associates Ins. Agency, Inc.*, 845 F.3d at 321 ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Riley*, 909 F.3d at 190 ("It is not the obligation of the court to research and construct the legal arguments open to parties . . . ." (cleaned up)).

right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/4/2023

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER DAVIS
12947-028
COLEMAN - I USP
COLEMAN I U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1033
COLEMAN, FL 33521

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brad.shepard@usdoj.gov